## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

GREGORY PAUL, on behalf of     :
himself and all other similarly     :     CASE NO:
situated individuals,     :
                             :
         Plaintiff,     :
                             :
v.     :
                             :
NCL CORPORATION LTD.,     :
                             :
         Defendant.     :

## COMPLAINT

Plaintiff, Gregory Paul, by and through his undersigned counsel, files the following

Complaint under Title III of the Americans with Disabilities Act, as amended.

## PARTIES

1.     Plaintiff, Gregory Paul, is an adult individual, residing in Sewickley, Pennsylvania.

2.     Defendant, NCL Corporation Ltd., is a corporation registered in the Bahamas.

Defendant maintains its corporate headquarters at 7665 Corporate Center Drive, Miami, Florida

33126.

## STATEMENT OF THE FACTS

3.     On or about March 16, 2014 through March 23, 2014, plaintiff sailed aboard the

Norwegian Dawn owned and operated by defendant.

4.     As part of the services offered on this cruise, defendant advertised, booked,

received money, and made all arrangements for shore excursions including snorkeling trips.

5.     Details of any particular shore excursion were not available on-line until after a

deposit was made and log-in and a password were provided by defendant.

6.      Once at sea, printed pamphlets with defendant's logo "Cruise like a Norwegian" were distributed providing the details of shore excursions for each of the ports.

7.      However, several of the excursions including "Three Reef Snorkel By Boat" contained the following language: "Pregnant women, guests with heart or respiratory conditions and those with asthma, cardiac problems, diabetes or epilepsy, back/neck injuries may not participate."

8.      This activity was identified as Level 2 which is described in the defendant's Shore Excursion Tour Descriptions as "Tours with this designation can involve a considerable amount of physicial activity such as walking over cobblestones or uneven surfaces, climbing many stairs or steep terrain, or bicycile riding. They are not recommend for guests with walking difficulties. Comfortable sturdy shoes are recommended".

9.      Plaintiff is experienced in snorkeling and desired to participate in the Three Reef Snorkel by Boat on March 21, 2014 and other activities containing the blanket ban on individuals with diabetes.

10.      Plaintiff spoke with defendant's representative aboard the Dawn and was informed that he could not sign up for  the above-referenced shore excursion because of diabetes.

11.      Such blanket bans are in violation of Title III of the Americans with Disabilities Act.  Title III of the ADA prohibits discrimination against the disabled in the full and equal environment of public accommodations.  42 U.S.C. Section 12182(a).

12.      More specifically, the ADA states that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or operates a place of public accommodation.

13.     Moreover, 42 U.S.C. Section 12181(b)(1)(A)(i) states that it shall be discriminatory to subject an individual or class of individuals on the basis of disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

### FIRST CAUSE OF ACTION
### (Violation of Title III of the Americans with Disabilities Act)

14.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 13 above.

15.     The Americans with Disabilities Act (the "ADA") prohibits discrimination on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation (42 U.S.C. §12182(a)).

16.     At all times mentioned herein, Defendant's ship Norwegian Dawn and its control over shore excursions including the advertisement, scheduling, payment and transportation have been a "place of public accommodation" within the meaning of the ADA.

17.     At all times mentioned herein, Defendant owned and operated and/or controlled the above referenced  places of public accommodation.

18.     Diabetes is a disability within the meaning of the ADA.

19.     Through the conduct described above, Defendant has discriminated against Plaintiff, solely on the basis of his disability, by denying him the full and equal enjoyment of the services, facilities, and accommodations otherwise available to members of the general public.

20.     Defendant should be ordered to take all steps necessary to ensure full enjoyment of all rights guaranteed by the ADA.  Plaintiff is entitled to such injunctive relief under the ADA.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of all other persons similarly situated, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.  The class members consist of all persons who were denied services because of diabetes, who wish to participate in snorkeling and other activities precluded by defendant's blanket ban.

22.     The exact size of the class is unknown to the plaintiff, but they believe the size of the class is so numerous that joinder of all members is impracticable.

23.     There are questions of law or fact common to the class; to-wit, the plaintiffs' rights under the Americans with Disabilities Act have been wrongfully denied.

24.     The claims of the named plaintiffs are typical of the claims of the class; to wit, the defendant has abridged named and class plaintiffs' rights under the Americans with Disabilities Act and has violated their rights protected by federal regulations.

25.     The defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief with respect to the class as a whole.

26.     The named plaintiffs will fairly and adequately protect the interests of the class.

27.     Plaintiffs' counsel is experienced in litigating class actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

For injunctive relief ordering defendants, and each of them to

a.      Refrain from discriminating in any manner, by failing or refusing to extend to any individual who has diabetes, the full and equal enjoyment of and access to defendant's services, and/or facilities of any kind whatsoever, on the basis (either in whole or in part) of the fact or perception that such individual has diabetes or a diabetes-related condition and perceived limitations.

b.      Train and educate each and every individual, staff member, and all other personnel employed or associated with defendant's facilities, regarding the actual risks of individual's with diabetes.

c.      For an award of compensatory damages to plaintiff equal to the injury he has suffered due to Defendant's discriminaroty practices, in an amount to be determined at trial.

d.      For an award of exemplary and punitive damages against defendant in an amount sufficient to punish and set an example of it.

e.      For an order awarding plaintiff his costs of suit, including litigation expenses, out-of-pocket expenses, and reasonable attorneys' fees, in accordance with all applicable provisions of law, including but not limited to the provisions of 29 U.S.C. § 12205; 29 U.S.C. §794a(b).

f.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated:  September 19, 2014

By: */s/ Jordan M. Lewis*_____
  Jordan M. Lewis (Florida Bar No.: 97997)
  Kelley⁄Uustal, PLC
  700 S. E. 3rd Avenue, Suite 300
  Fort Lauderdale, Florida 33316
  Telephone: (954) 522-6601
  Facsimile: (954) 522-6608
  Email:  jml@kulaw.com